IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALTER OSWALDO GARCIA GARCIA<br>300 50th Street SE<br>Washington, DC 20019<br><br> *Plaintiff,*<br><br> v.<br><br>SOPHIEZEE, INC.<br>D/B/A: SILVERMAN'S LIQUOUR AND SOUL FOOD<br>2033 Benning Road, N.E.<br>Washington, D.C. 20002<br><br>Serve: AIDA APKIAIAN LEON<br>   Resident Agent<br>   10909 Rosemont Drive<br>   North Bethesda, MD 20852<br><br>WOUNDIM SEYOUM DEMISSIE<br>10909 Rosemont Drive<br>North Bethesda, MD 20852<br><br>AIDA APIKAIAN LEON<br>10909 Rosemont Drive<br>North Bethesda, MD 20852<br><br> *Defendants*. | Civil Action No.: 22-1629 |

**COMPLAINT**

  Plaintiff, Walter Oswaldo Garcia Garcia ("Plaintiff") by his undersigned counsel, Melehy & Associates LLC, hereby this action against Sophiezee, Inc. ("Sophiezee"), Woundim Seyoum Demissie ("Demissie") and Aida A. Leon ("Leon"), for violations of the District of Columbia Minimum Wage Revision Act, D.C. Code §§ 32-1001 *et. seq.* ("DCMWRA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("the FLSA"). Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff is an adult resident of Maryland and was employed by Defendants from March 7, 2022 to May 23, 2022, when he was terminated. During his employment with Defendants, Plaintiff performed non-exempt work at Silverman's Liquor and Soul Food as a cook, dishwasher, liquors salesperson, server, and floor cleaner.

2. Sophiezee is organized under the laws of the District of Columbia and is licensed to do business in the District of Columbia. At all times relevant to the Complaint, Sophiezee employed the Plaintiff within the meaning of the DCMWRA and the FLSA because it treated his as an employee, paid his wages, supervised him, determined his pay, hired him and had the authority to terminate his employment.

3. Sophiezee also meets the definition of an "Enterprise Engaged in Commerce" under the FLSA (29 U.S.C. § 203(s)(1)(A)(i)), as it has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

4. Demissie is an owner, manager and officer of Sophiezee. He is an employer of Plaintiff within the meaning of the DCMWRA and the FLSA because: (1) he supervised the Plaintiff directly; (2) he has operational control over Sophiezee and is significantly involved in the operations; (3) he directly controlled the terms and conditions of Plaintiff's employment, including his work schedule, compensation and pay practices, and he did in fact set the terms and conditions of Plaintiff's employment; (4) he had the authority to hire and fire Plaintiff and did in fact hire and fire him; (4) he has actual and functional control over Sophiezee corporate funds, which were used

to pay Sophiezee's employees, including Plaintiff, and he has the authority to allocate funds as profits in the manner he chooses; (5) he had authority to and did set Plaintiff's rates and manner of pay and authorized payment of Plaintiff's wages and he did so; (6) he had knowledge of and approved of the unlawful manner in which Plaintiff was paid (failing to pay Plaintiff the applicable minimum wage and failing to pay him an overtime premium for his overtime hours); and (7) he established pay practices and formulated and approved pay policies that caused the violations at issue.

5.     Leon is a Director, Officer and owner of Sophiezee. She is an employer of Plaintiff within the meaning of the DCMWRA and the DCWPCL because: (1) she is an owner, officer and director of Sophiezee, (2) she has operational control over Sophiezee and is significantly involved in the operations; (3) through subordinate managers such as Demissie, she controlled the terms and conditions of Plaintiff's employment, including his work schedule, and his compensation and pay; and (4) she had the authority to hire and fire Plaintiff and approved his termination; (5) from time to time, she supervised Plaintiff; (6) she has actual and functional control over Sophiezee's corporate funds, which are used to pay Sophiezee's employees, including Plaintiff, and she had the authority to allocate funds as profits in the manner she chose; (7) she had authority to set Plaintiff's rates and manner of pay; (8) she had knowledge of and approved of the unlawful manner in which Plaintiff was paid (failing to pay him the applicable minimum wage and failing to pay an overtime premium for Plaintiff's overtime hours); (9) she established pay practices and formulated and approved pay policies that caused the violations at issue in this case; and (10) she maintained Plaintiff's employment records.

## SUBJECT MATTER JURISDICTION

6. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions, and the Court has pendant jurisdiction over the Plaintiff's District of Columbia claims under 28 U.S.C. § 1367.

## VENUE

7. Venue is proper in this District because Plaintiff's claims arise under District of Columbia law, the Defendants all conduct business in the District of Columbia and this case arises from acts or omissions by Defendants that occurred in the District of Columbia.

## PERSONAL JURISDICTION OVER DEFENDANTS

8. This Court has specific and general *personam* jurisdiction over Defendants under the District of Columbia Long Arm Statute, D.C. Code § 13-423 (a).

9. The Court has specific personal jurisdiction over Sophiezee because, directly and through its agents, it transacted business in the District of Columbia by owning and operating a liquor store in the District of Columbia. Plaintiff's claims arise from directly from those contacts with the District of Columbia because Defendants employed Plaintiff exclusively in the liquor store in the District of Columbia and the violations of the DCMWRA arise from Plaintiff's work in the District of Columbia at that liquor store.

10. The Court also has personal jurisdiction over Demissee and Leon because, through their agents and directly, they transacted business in the District of Columbia by operating a liquor store in the District of Columbia and working at that liquor store. In addition, Plaintiff's claims arose from Sophiezee's contacts with the District as Demissee and Leon (agents of Sophiezee), personally entered the District of Columbia for matters directly related to Sophiezee's business.

## STATEMENT OF FACTS

11. Plaintiff performed non-exempt manual labor duties when employed by Defendants.

12. Plaintiff worked 11 full weeks for Defendants from Monday March 7, 2022 to Monday, May 23, 2022. He generally worked Monday through Saturday and generally worked in excess of 10 hours per day. He never received a lunch break. During that time frame, Plaintiff worked the following hours during the following 11 weeks: (1) 53 hours, (2) 67.3 hours, (3) 62.3 hours, (4) 67 hours, (5) 62.3 hours, (6) 63.3 hours, (7) 64 hours, (8) 62 hours, (9) 63.3 hours, (10) 63.3 hours, and (11) 63.3 hours. And on May 23, 2022, he worked 11 hours, but did not yet receive his last check. However, Plaintiff did not receive an overtime premium for his overtime hours, as he was paid straight time for all of his hours.

13. Moreover, Defendants failed to pay the Plaintiff the applicable minimum wage. Defendants paid the Plaintiff $15.00 per hour. However, the applicable minimum wage beginning was $15.20 per hour beginning on July 1, 2021.

14. In addition, Defendants failed to keep time records, failed to provide the Plaintiff with any pay stubs showing his hours and earnings and paid him exclusively in cash.

15. During the time Plaintiff performed work for Defendants, Plaintiff was employed within the District of Columbia within the meaning of D.C. Code § 32-1003 (b), because during that time he worked exclusively in the District of Columbia.

16. Thus, Plaintiff is entitled to his unpaid overtime wages plus an equivalent amount equal to three times his unpaid overtime wages as liquidated damages pursuant to D.C. Code §§ 32-1012 (b)(1), along with attorney's fees at the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C.

Code § 32-1308 (b)(1).

## COUNT I
## VIOLATIONS OF THE FLSA
### (Defendants Defendants)

17.     Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

18.     Plaintiff was engaged in commerce and/or handled goods that have been moved in commerce, and alternatively, Sophiezee was an enterprise engaged in commerce, during the time Plaintiff was employed by Defendants.

19.     Defendants violated the FLSA by knowingly failing to pay Plaintiff an overtime premium for his overtime hours – *i.e.* one and one-half times his regular hourly rate for each hour over 40 that he worked during each workweek.

20.     Defendants' actions were not undertaken in good faith and therefore, they are liable to Plaintiff for liquidated damages.

21.     Defendants are liable to Plaintiff under 29 U.S.C. § 216(b) of the FLSA, for his unpaid overtime premium compensation for the entire period of his employment with Defendants, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses.

22.     The timeframe for which damages are sought under the FLSA is from March 7, 2022 to May 23, 2022.

23.     The precise amount owed to the Plaintiff by Defendants cannot be calculated because Plaintiff and his counsel do not possess all of his payroll or time records, which are in possession of Defendants.

## COUNT II

## VIOLATIONS OF THE DCMWRA
### (Defendants Defendants)

24. Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

25. At all times relevant to the Complaint, Plaintiff was an "employee" of Defendants within the meaning of D.C. Code § 32-1002 (2).

26. At all times relevant to the Complaint, Defendants were "employers" of Plaintiff within the meaning of D.C. Code § 32-1002 (3).

27. Defendants violated the DCMWRA by failing to pay Plaintiff an overtime premium for his overtime hours and by failing to pay him the applicable minimum wage of $15.20 per hour.

28. The time frame for which damages are sought under this Count is from March 7 to May 23, 2022.

29. As a result of the violations of the DCMWRA by Defendants, they are liable for Plaintiff's unpaid wages, liquidated damages equal to three times the unpaid overtime wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

30. The precise amount owed to the Plaintiff by Defendants cannot be calculated because Plaintiff and his counsel do not possess all of his time and payroll records, which are in possession of Defendants.

## RELIEF REQUESTED

Plaintiff requests the following relief:

A. enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on their violations of the FLSA, in the amount of Plaintiff's unpaid and illegally withheld

overtime wages, plus an amount equal to his unpaid overtime wages as liquidated damages;

B.      enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on their violations of the DCMWRA, in the amount of Plaintiff's unpaid and illegally withheld overtime and minimum wages, plus an amount equal to three times the amount of unpaid overtime wages as liquidated damages; and

C.      as to all Defendants, jointly and severally, award Plaintiff his litigation costs and attorney's fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

Respectfully submitted,

 /s/ *Omar Vincent Melehy*
Omar Vincent Melehy, Esq.
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Phone:  (301) 587-6364
Fax:    (301) 587-6308
*Attorney for Plaintiff*